IT IS ORDERED

Date Entered on Docket: September 21, 2017

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ROBERT J. TIBLJAS, JR.                      Case No. 13-17-11524-TS
SHAYLEE C. TIBLJAS

                Debtors.

**DEFAULT ORDER GRANTING SYSTEMS & SERVICES TECHNOLOGIES, INC.
RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO
SYSTEMS & SERVICES TECHNOLOGIES, INC. DESCRIBED AS 2003
BOMBARDIER 5795 UTOPIA 205 , VIN: US- EC16079J203 AND 2003 KARAVAN
TRAILER, VIN: 5KTBS19143F099681**

      This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Systems & Services Technologies, Inc., filed on August 16, 2017, (DOC 21) (the "Motion") by Systems & Services Technologies, Inc. ("SST Inc."). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On August 16, 2017, SST Inc. served the Motion and a notice of the Motion (the "Notice") on Ronald E. Holmes, Attorney for Debtors and Kelley L. Skehen, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Robert J. Tibljas, Jr. and Shaylee C. Tibljas, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property described as:

2003 Bombardier 5795 UTOPIA 205 , VIN: US- EC16079J203
and 2003 KARAVAN TRAILER, VIN: 5KTBS19143F099681

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 11, 2017;

(f) As of September 19, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for SST Inc. certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), SST Inc. and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, SST Inc. need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as a defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive SST Inc.'s claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. SST Inc. may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. SST Inc. is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew P. Yarrington
ANDREW YARRINGTON
Attorney for SST Inc.
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Robert J. Tibljas, Jr.
Shaylee C. Tibljas
P.O. Box 80
Angel Fire, NM 87710


Ronald E. Holmes
Attorney for Debtors
320 Gold SW, Suite 1401
Albuquerque, NM 87102
Telephone: (505) 268-3999
rholmes@davismiles.com

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111
Telephone: (505) 243-1335
orders@ch13nm.com